ORDERED.

Dated: March 13, 2024

*Catherine M<sup>c</sup>Ewen* (signature)
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                          Case No.: 8:23-bk-01159-CPM
                                                Chapter 11, Subchapter V
JAMAL M. WILSON,

        Debtor.
_____/

**ORDER GRANTING DEBTOR'S EXPEDITED
MOTION FOR AUTHORIZATION TO SELL HOMESTEAD PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
AND FOR APPROVAL OF PROPOSED DISTRIBUTIONS OF SALE PROCEEDS**
(Doc. No. 153)

**THIS CASE** came before the Court for hearing on March 7, 2024, at 3:00 p.m. (the "**Hearing**"), upon the Debtor's Expedited Motion for Authorization to Sell Homestead Property Free and Clear of Liens, Claims, Interests, and Encumbrances and for Approval of Proposed Distributions of Sale Proceeds (Doc. No. 153) (the "**Sale Motion**")[1] filed by Jamal M. Wilson (the "**Debtor**" or "**Wilson**") and the limited objection (Doc. No. 171) (the "**U.S. Bank Objection**") filed by Residential Mortgage Loan Trust I, by US Bank National Association, not in its individual capacity but solely as Legal Title Trustee Residential Mortgage Loan Trust 2021-1R, serviced by BSI Financial Services, ("**U.S. Bank**"). Through the Sale Motion,

---

[1] All capitalized terms not specifically defined in this Order shall have the meaning ascribed to them in the Sale Motion.

pursuant sections 105(a), and 363(b)(1), (f), (m), and (n) of the Bankruptcy Code[2] and Bankruptcy Rules 2002(a), 6004, and 9014, the Debtor seeks the entry of an order (i) authorizing Wilson to sell the real property located at the address of 13518 Westshire Drive, Tampa, Florida 33618 (the "**Homestead Property**"), which property he owns as a joint tenant with his mother, Joyce Wilson ("**Mrs. Wilson**"), with Wilson and Mrs. Wilson each owning a 50 percent interest in the Homestead Property, pursuant to his Amended Chapter 11 Plan of Jamal M. Wilson (Doc. No. 121), as may be further amended or modified (the "**Plan**") and (ii) approving the proposed distributions of the proceeds from the sale of the Homestead Property, which is attached as Exhibit "A" to this Order (the "**Sale Proceeds Distribution Waterfall**"). The Debtor also seeks authority to authorize him and Mrs. Wilson to execute any contracts, agreements, or other documents necessary to effectuate the sale of the Homestead Property. To the extent applicable, the Reorganized Debtor also requests that notice be shortened under Bankruptcy Rule 2002(a)(2) to facilitate closing, which is currently scheduled for March 29, 2024, and that any order granting the Sale Motion be effective immediately upon entry, notwithstanding Bankruptcy Rule 6004(h).

The Court finds that, subject only to the approval of this Court, the Debtor and Austin K. Barkett and Aleksandra Nowobilska (the "**Buyers**") have entered a contract for the purchase of the Homestead Property, for a purchase price of $1,875,000.00. On February 22, 2024, the Debtor filed the Sale Motion, which contained a certificate of service reflecting service of the Sale Motion on (i) all creditors on the All Creditor Matrix, (ii) all parties receiving CM/ECF service in this case, (iii) the Florida Department of Revenue, (iv) the Internal Revenue Service, and (v) Mrs. Wilson. A copy of the sale contract is attached as Exhibit "C" to the Sale Motion

---

[2] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable to the Federal Rules of Bankruptcy Procedure.

Page **2** of **8**

8CO2247.DOCX

(the "**Contract**") and is available for inspection and review by all creditors and parties in interest.

Appearances were made as reflected on the record. At the Hearing, the Court finds that, based upon the record:

(a) The Debtor has advanced sound and sufficient business reasons, and it is a reasonable exercise of the Debtor's business judgment pursuant to section 363 of the Bankruptcy Code to sell the Homestead Property. The sale to the Buyers is further justified by the compelling circumstances described in the Sale Motion and the representations and proffers offered in support

(b) The Contract resulted from an appropriate marketing process and good faith arm's length negotiations. The Debtor received multiple offers for the purchase of the Homestead Property, and the Contract represents the highest and best offer for the purchase of the Homestead Property. The Buyers are not affiliates of the Debtor under section 101(2) of the Bankruptcy Code or an insider of the Debtor under section 101(31) of the Bankruptcy Code.

(c) As a result of the sale, the Debtor will be relieved of significant liabilities, thus reducing potential claims against the Debtor and his estate.

(d) The Debtor and the Buyers have each acted in good faith and without collusion or fraud in connection with the preparation, negotiation, and/or execution of the Contract. Without limiting the foregoing, the Contract has been negotiated in good faith, at arm's length, and not by any means forbidden by law. The Court specifically finds that the Buyers have acted in good faith in pursuing and closing the transactions contemplated under the Contract for the purposes of section 363(m) of the Bankruptcy Code or otherwise. Neither the Debtor nor the Buyers have engaged in any conduct that would cause or permit the Contract to be avoided under section 363(n) of the Bankruptcy Code.

(e) The Debtor has articulated good and sufficient business justifications for the sale to the Buyers pursuant to sections 363(b) and section 363(f) of the Bankruptcy Code.

(f) The sale to the Buyers satisfies one or more of the requirements of section 363(f) of the Bankruptcy Code as to all creditors whose claim is secured by the Homestead Property.

(g) The relief requested in the Sale Motion is consistent with the Debtor's chapter 11 plan and is a necessary and appropriate step toward enabling the Debtor to successfully conclude this Chapter 11 case.

(h) The sale of the Homestead Property to the Buyers pursuant to the Contract is in the best interests of the Debtor, his creditors, the estate, and all parties in interest.

The Court, having considered the Sale Motion, together with the record and the arguments and proffers of counsel, and for the reasons stated orally recorded in open court that shall constitute the decision of the Court as if fully set forth herein,[3] it is

**ORDERED:**

1. The Sale Motion is **GRANTED**, to the extent set forth herein, and the U.S. Bank Objection is **OVERRULED** in all respects.

2. Jurisdiction. The Court has jurisdiction to consider the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of the Sale Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. Good Cause. The Court finds that the Debtor has articulated good and sufficient reasons why granting the Sale Motion will best serve the interests of the estate.

4. Highest and Best Offer. The offer by the Buyers set forth in the Contract to purchase the Homestead Property is the highest and best offer for the purchase of the Homestead Property and represents fair and adequate consideration.

5. Notice. The notice period provided in Bankruptcy Rule 2002 is hereby shortened to facilitate expedited consideration of the Sale Motion. The Court finds that sufficient notice of the Sale Motion and the Hearing were provided to (a) the United States Trustee, (b) all known creditors with claims against the estate; and (c) federal, state, and local taxing authorities, and, under the circumstances, no other or further notice of the Sale Motion is required. The Court further finds that the Sale Motion satisfies the requirements of Bankruptcy Rule 2002(c)(1). Thus,

---

[3] Findings of fact set forth in this Order are deemed to be conclusions of law, and such findings of fact are confirmed as conclusions of law. All oral findings of fact and conclusions of law reached by the Court at the Hearing are incorporated by reference and are made a part of this Confirmation Order in accordance with Bankruptcy Rule 7052(a).

notice of the Sale Motion and the Hearing was adequate and sufficient and complied in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and otherwise satisfies the requirements of due process.

6. <u>Sale of Interest in Property.</u>  The Debtor is authorized and directed to sell, transfer, assign, and deliver, to the Buyers any interest in the Homestead Property, free and clear of any and all liens, claims, interests, and encumbrances, which property is more particularly described as:

**TREVI AT BAY LAKE LOT 6 AND LOT 12**

The Debtor and Mrs. Wilson are hereby authorized to execute any contracts, agreements, or other documents necessary to effectuate the sale of the Homestead Property and to take all appropriate actions necessary to evidence and consummate the closing of the sale of the Homestead Property to the Buyers.  The anticipated net sales price is sufficient to pay in full the U.S. Bank Mortgage, the SouthState Mortgage, and the Newtek Mortgage, and the rights of U.S. Bank, SouthState, and Newtek will not be impaired in any manner by the sale of the Homestead Property.  The U.S. Bank Mortgage, the SouthState Mortgage, and the Newtek Mortgage will be paid in full directly by the title company concurrent with the closing of the sale of the Homestead Property.  Counsel for Wilson will file a copy of the HUD-1 statement at least 72 hours prior to closing. U.S. Bank shall retain its Lien on the Homestead Property on account of its first mortgage until paid in full per a current and unexpired written payoff statement from U.S. Bank, with its lien attaching to sale proceeds as an oversecured first priority mortgage.   SouthState shall retain its Lien on the Homestead Property on account of its second mortgage until paid in full per a current and unexpired written payoff statement from SouthState, with its lien attaching to sale proceeds.  Newtek shall retain its Lien on the Homestead Property on account of its third

mortgage until paid in full per a current and unexpired written payoff statement from Newtek, with its lien attaching to sale proceeds

7. <u>Disbursement of Sale Proceeds.</u>  At Closing, the Buyers shall pay or deliver the purchase price as provided in the Contract.  The Debtor and/or the closing agent or title agent is authorized to, and shall make the following distributions at closing contemplated and described under the Sale Proceeds Distribution Waterfall to pay or satisfy,  in order of priority of mortgages of mortgages and liens as they existed under Florida law, prior to entry of this Order, (i) the Broker's Commission, (ii) all customary closing costs, (iii) amounts necessary to satisfy any amounts for real estate taxes, (iv) the U.S. Bank Mortgage, (v) the SouthState Mortgage, and (vi) the Newtek Mortgage.  Any remaining sale proceeds shall be paid to Mrs. Wilson.

8. <u>Abandonment of the Jetskis.</u> The Debtor hereby abandons any interest in the two Yamaha jetskis.  Given the de minimis value of the jet skis, the Court finds that they are of inconsequential value to the estate and may be sold pursuant to the Bill of Sale attached as Exhibit "D" to the Sale Motion.

9. <u>Recordable Form of Order.</u> Upon completion of closing and payment of mortgages and liens under this Order, the Debtor or the Buyers are authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, interests, or encumbrances in or on the Homestead Property of any kind or nature whatsoever.

10. <u>Good Faith.</u>  The Debtor and the Buyers have acted in good faith, the terms and conditions of the Contract are fair and reasonable and have been negotiated and agreed upon in good faith on the part of the Debtor and the Buyers, and the Buyers are arm's length purchasers who are purchasing the Homestead Property in good faith and are not insiders or affiliates of the

Debtor. The purchase price constitutes reasonably equivalent and fair market value under the Bankruptcy Code and applicable non-bankruptcy law. The Buyers are good faith purchasers for value pursuant to section 363(m) of the Bankruptcy Code and shall be entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

11. <u>Effective Upon Entry.</u> Because of the imminent need to sell the Homestead Property, good cause exists to waive the fourteen day stay of the effectiveness of this Order under Bankruptcy Rule 6004(h). This Order is effective immediately upon entry, notwithstanding Bankruptcy Rule 6004(h).

12. <u>Status Quo and Preservation of Rights.</u> It is the intent of the Court under this Order to preserve the rights of all parties and to preserve the status quo pending further proceedings. As a result, any right, objection, factual assertion or legal argument not specifically addressed and ruled upon by the Court at the Hearing or in this Order shall be preserved and remain as it was prior to the entry of this Order.

13. <u>Exemption from Transfer Taxes.</u> Pursuant to section 1146(a) of the Bankruptcy Code, the sale of the Homestead Property by the Debtor under the Contract is pursuant to, in contemplation of, essential to, necessary to consummate and implement, and in furtherance of the confirmation of the Amended Plan, as confirmed by the Court's Order Confirming Amended Chapter 11 Plan of Jamal M. Wilson. Accordingly, the making or delivery of an instrument or instruments of transfer, any or all of which including the vesting, transfer, and/or the sale of any real or personal property or any direct or indirect interesting therein, including, without limitation, all documents relating to or referred to in the Contract, shall not be taxed under any law imposing any recording, registration, transfer or stamp tax or fee, or any similar tax or fee, including any applicable transfer taxes or fees, sales taxes, or mortgage recording taxes or fees.

All federal, state, and local governmental agencies or departments are directed to accept and abide by the terms of the transfer tax exemption as set forth herein in connection with any transfer of the Homestead Property, including accepting any and documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract, including any special warranty deed, bill of sale, or assignment agreement.  The Debtor and the Buyers shall be entitled to any and all rights and benefits that may be afforded them by section 1146(a) of the Bankruptcy Code.

14. <u>Retention of Jurisdiction.</u>  The Court shall retain jurisdiction to interpret, implement, and enforce the Order and to hear and determine all matters arising from the implementation of the Order.

Attorney Kathleen L. DiSanto is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# EXHIBIT A

**In re Jamal M. Wilson**
**Case No. 8:19-bk-01159-CPM**
**Proposed Distribution of Sale Proceeds from Homestead Property**

| | |
|---|---:|
| Estimated Sale Price[1] | 1,875,000.00 |
| Broker's Commission[2] | 93,750.00 |
| Estimated Closing Costs[3] | 14,062.50 |
| US Bank/BSI Financial Services (1st Mortgage)[4] | 679,602.17 |
| Southstate Bank (2nd Mortgage)[5] | 345,468.06 |
| Newtek Small Business Finance LLC (3rd Mortgage)[6] | 336,643.74 |
| TiLon Hall, LLC (4th Mortgage)[7] | 0.00 |
| **Net Sale Proceeds** | **405,473.53** |
| **Net Sale Proceeds to Debtor** | **0.00** |
| **Net Sale Proceeds to Joyce Wilson** | **405,473.53** |
| **Uses of Loan to Debtor by Joyce Wilson** | |
| Bush Ross, P.A.[8] | 60,000.00 |
| Vehicle Purchase[9] | 15,000.00 |
| | **75,000.00** |

**NOTES:**

[1] The estimated sales price assumes the sale is based on an offer from an unrelated third party.

[2] The listing agreement contemplates a commission of 5% of the sales price for the broker.

[3] Wilson has estimated customary closing costs.

[4] The mortgage is secured by the Homestead Property and will be paid in full at closing in the amount stated in an unexpired payoff from the first mortgagee. The amount reflected above is an estimate of the balance owed based on the payoff statement from BSI dated 2/29/2024 and is subject to the interest per diem noted therein.

[5] The mortgage is secured by the Homestead Property and will be paid in full at closing. The amount reflected above is an estimate of the balance owed to Southstate Bank.

[6] The mortgage is secured by the Homestead Property, up to $300,000.00, plus interest, and will be paid in full at closing. The amount relected above is an estimate of the balance owed to Newtek.

[7] There is no value to support the mortgage of TiLon Hall, LLC, and the Debtor will seek to avoid the mortgage lien. The mortgage was also recorded during the ninety days prior to the petition date and is an avoidable preference.

[8] The Debtor 's mother has agreed to loan the Debtor a portion of her sale proceeds to fund his subchapter V plan. Bush Ross is owed more than $60,000.00 for fees for services rendered in connection with the subchapter V case and costs incurred.

[9] The Debtor returned his leased vehicle, and the lease was concluded by its own terms. The Debtor intends to purchase a used Chevrolet Tahoe.

SOUTHSTATE BANK, N.A.
P O BOX 118068
CHARLESTON SC 29423-9910

JUS VIGOR LLC
13518 WESTSHIRE DR
TAMPA FL 33618-2500

## Loan Payoff Statement

| | |
|---|---|
| Loan Payoff for: | Loan Number: ■44 |
| JUS VIGOR LLC | Date Quoted: Feb 01, 2024 |
| 13518 WESTSHIRE DR | Payoff Good To: Mar 29, 2024 |
| TAMPA FL 33618-2500 | Method: 6/0 |

Collateral: Multiple

| | |
|---|---:|
| Principal: | $299,326.90 |
| Interest To Mar 29, 2024: | $22,922.23 |
| Late Charges: | $6,970.11 |
| Projected Other Escrow Reserves: | $6,980.30 |
| **Net Amount Due:** | **$336,199.54** |

## Additional Information

One Day's Interest: $41.57



BSI Financial Services
314 S Franklin St. / Second Floor
PO Box 517
Titusville, PA 16354
Toll Free 800-327-7861
Fax 814-217-1366
bsi.myloanweb.com

February 29, 2024

JAMAL M WILSON
13518 WESTSHIRE DRIVE
TAMPA         FL 33618

**RE:  PAYOFF STATEMENT**
**MORTGAGE LOAN #:** ▮▮▮▮▮1270
**PROPERTY ADDRESS**: 13518 WESTSHIRE DRIVE
TAMPA         FL 33618

Thank you for your inquiry regarding a payoff for this mortgage loan.

The total amount required to pay the loan in full is broken down for you in the payoff calculation on page 2 and is good up to, but not including, **04/05/24**.  The total amount to pay your loan in full as of **04/05/24** is **$680,670.59**.

Below are loan level details, along with wiring instructions, for paying off your loan.

| Current Due Date | 10/01/22 |
|---|---|
| Maturity Date | 01/2044 |
| Regular Interest Per Diem If Paid After 3:30 on **04/05/24** | $ 178.07 |
| Default Interest Per Diem If Paid After 3:30 on **04/05/24** | 0.00 |

The total amount required to pay the loan in full is broken down for you in the payoff calculation below and is good to **04/05/24**.  Please call us if you have any questions.

The amount owed may change between the date of this letter and the date that the loan is paid off.  The next payment on this loan is due **October 1, 2022**. The scheduled payment is **$6737.73**, which includes a Principal and Interest Payment of **$4702.68** and an Escrow Payment of **$2035.05.**  Additionally, payoff figures will be adjusted if any check or money order previously received is rejected by the institution upon which it is drawn. ACH cancellations must be processed at least three (3) business days in advance of a scheduled draw. If payoff funds are received fewer than three (3) business days prior to a scheduled draw, the ACH payment will be drafted, but all amounts in excess of a complete payoff will be refunded upon processing of the payoff funds.

Please submit your payoff via **certified funds or wire transfers (info found on page 2)** to **BSI FINANCIAL SERVICES.  CERTIFIED FUNDS OR WIRE TRANSFERS MUST BE RECEIVED BY OUR OFFICE BY 3:30 P.M. (ET) ON A NORMAL BUSINESS DAY (MONDAY THROUGH FRIDAY) TO BE CREDITED THAT DAY.**

**Licensed as Servis One, Inc. dba BSI Financial Services**.

BSI NMLS # 38078. Customer Care Hours: Mon. - Fri. 8:00 am to 10:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



BSI Financial Services
314 S Franklin St. / Second Floor
PO Box 517
Titusville, PA 16354
Toll Free 800-327-7861
Fax 814-217-1366
bsi.myloanweb.com

Wiring Instructions/Mailing Information Can Be Found using the below QR Code/website link. **



https://www.bsifinancial.com/borrower_payment_options.html

Failure to include the information as Message to Beneficiary may cause a delay in posting the funds or a return of the funds. BSI will not be responsible for any additional interest or fees that may be assessed as a result of incomplete or incorrect wire information. Wire transactions that are received and cannot be identified will be returned to the ABA and account number from which they were received. If you have any questions regarding the wire instructions listed here, **contact our office at 1-800-327-7861**.

If your loan is in default, foreclosure activity, including any sale of the property, will continue until the loan is paid in full.

| | |
|---|---:|
| UNMODIFIED UNPAID PRINCIPAL BALANCE | $536,432.55 |
| DEFERRED AMOUNT, IF APPLICABLE | $ 0.00 |
| ESCROW BALANCE (TAXES AND INSURANCE)* | $34,253.69 |
| PRIVATE MORTGAGE INSURANCE (PMI)** | $ 0.00 |
| INTEREST TO **04/05/24** | $88,798.95 |
| MINIMUM INTEREST/PREPAYMENT REQUIREMENT | $ 0.00 |
| UNPAID LATE CHARGE | $12,015.22 |
| UNAPPLIED FUNDS | $ 0.00 |
| UNAPPLIED FUNDS | $ 0.00 |
| UNAPPLIED FUNDS | $ 0.00 |
| UNAPPLIED FUNDS | $ 0.00 |
| UNPAID FEES<br> INCLUDES PENDING FEE AND COST $1,300.00 | $9,104.00 |
| LIEN RELEASE PREPARATION FEE (PASS-THROUGH BY A THIRD PARTY) | $ 56.18 |
| LIEN RELEASE RECORDING FEE (PAID TO RECORDING OFFICE) | $ 10.00 |
| PAYOFF STATEMENT | $ 0.00 |

**Licensed as Servis One, Inc. dba BSI Financial Services**.

BSI NMLS # 38078. Customer Care Hours: Mon. - Fri. 8:00 am to 10:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



BSI Financial Services
314 S Franklin St. / Second Floor
PO Box 517
Titusville, PA 16354
Toll Free 800-327-7861
Fax 814-217-1366
bsi.myloanweb.com

| TOTAL AMOUNT TO PAY LOAN IN FULL ON **04/05/24** | **$680,670.59** |
|---|---|

- PLEASE NOTE, THE PAYOFF TOTAL MAY CHANGE BETWEEN THE DATE OF THIS QUOTE AND THE DATE FUNDS ARE RECEIVED. IF, AT THE TIME WHEN FUNDS ARE RECEIVED, IT IS DETERMINED THAT THEY ARE SHORT, THE APPROPRIATE INDIVIDUAL'S WILL BE NOTIFIED OF THE SHORTAGE. FUNDS MAY BE REJECTED IF TO BE DETERMINED SHORT, AND WILL NOT BE APPLIED UNTIL THE SHORTAGE IS SENT TO SATISFY THE TOTAL DEBT OF THE LOAN.

- THE ESCROW BALANCE MAY INCLUDE ESCROW ITEMS WITH A DUE DATE WITHIN THE NEXT SIXTY (60) DAYS. THESE ITEMS ARE PAID BETWEEN FIFTEEN (15) AND SIXTY (60) DAYS IN ADVANCE OF THE DUE DATE IN ORDER TO COMPLY WITH REGULATORY REQUIREMENTS AND DISCOUNT DEADLINES. THE AMOUNTS FACTORED IN THIS STATEMENT ARE PROJECTED AMOUNTS BASED ON THE PRIOR YEAR OR LAST AMOUNT PAID, AND THE PAYMENT MADE MAY DIFFER BASED ON THE BILL RECEIVED FROM THE INSURANCE COMPANY AND/OR TAXING AUTHORITY. SHOULD THE AMOUNT DIFFER SUCH THAT YOUR PAYOFF AMOUNT INCREASES, YOU WILL BE NOTIFIED. SHOULD THE AMOUNT DECREASE, YOU WILL RECEIVE A REFUND WITHIN THIRTY (30) DAYS OF THE PAYOFF OF YOUR LOAN.

- ISSUANCE OF THIS STATEMENT DOES NOT SUSPEND YOUR CONTRACTUAL REQUIREMENT TO MAKE THE MORTGAGE PAYMENTS WHEN THEY ARE DUE.  THIS LOAN MUST BE KEPT CURRENT WHILE THIS STATEMENT IS PENDING, OR LATE CHARGES WILL BE ASSESSED.

- A LATE CHARGE OF $**.00** WILL BE ADDED TO THE PAYOFF TOTAL IF RECEIVED AFTER THE EXPIRATION OF YOUR GRACE PERIOD. PLEASE NOTE THAT THIS STATEMENT MAY ALREADY INCLUDE THE REFERENCED LATE CHARGE, WHICH HAS NOT BEEN INCURRED AT THIS TIME, IF THE GOOD-THROUGH DATE LISTED ON THIS STATEMENT FALLS AFTER THE EXPIRATION OF YOUR GRACE PERIOD FOR YOUR NEXT MONTHLY PAYMENT DUE. IF EITHER A FULL CONTRACTUAL MONTHLY PAYMENT OR A FULL PAYOFF OF THE LOAN IS MADE PRIOR TO THE EXPIRATION OF YOUR GRACE PERIOD, THE LATE CHARGE WILL NOT BE ASSESSED AND NEED NOT BE PAID. IF FUNDS RECEIVED INCLUDE THIS LATE CHARGE AND WE DETERMINE THAT IT WAS NOT DUE WHEN YOUR PAYOFF WAS RECEIVED, WE WILL PROMPTLY REFUND THE AMOUNT OF THE LATE CHARGE TO YOU.

- IF YOUR LOAN HAS A CONSTRUCTION OR SIMILAR DRAW FEATURE, RECENT DRAWS MAY NOT YET BE INCLUDED IN THIS PAY-OFF QUOTE. IN SUCH CASE, BSI WILL AMEND THIS PAY-OFF QUOTE TO INCLUDE SUCH DRAW AMOUNT.

- IF YOUR LOAN IS IN DEFAULT, FORECLOSURE ACTIVITY, INCLUDING ANY SALE OF THE PROPERTY, WILL CONTINUE UNTIL THE LOAN IS FULLY REINSTATED OR PAID IN FULL.

- AFTER THE FUNDS HAVE BEEN APPLIED AND THE LOAN SHOWS PAID IN FULL, A LIEN RELEASE OR FULL RECONVEYANCE WILL BE PREPARED AND SENT TO THE COUNTY RECORDER WHERE THE PROPERTY IS LOCATED.

- BENEFICIARY OF RECORD:  RESIDENTIAL MORTGAGE LOAN TRUST I, BY US BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE RESIDENTIAL

Licensed as Servis One, Inc. dba BSI Financial Services.

BSI NMLS # 38078. Customer Care Hours: Mon. - Fri. 8:00 am to 10:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



BSI Financial Services
314 S Franklin St. / Second Floor
PO Box 517
Titusville, PA 16354
Toll Free 800-327-7861
Fax 814-217-1366
bsi.myloanweb.com

MORTGAGE MORTGAGE LOAN TRUST 2021-1R UNLESS IT IS IN A STATE THAT DOES NOT ALLOW A TRUST TO OWN REAL ESTATE.

- REPRESENTATIVE/ASSIGNEE/SERVICING AGENT:  Servis One, Inc. d/b/a BSI Financial Services

*THESE FIGURES MAY NOT TOTAL CORRECTLY IF THE LOAN HAS PMI.  IF THIS LOAN HAS A POSITIVE ESCROW BALANCE AND PMI IS DUE PRIOR TO THE EXPIRATION DATE OF THIS PAYOFF QUOTE, THE PMI AMOUNT IS LISTED FOR YOUR REFERENCE AND PMI PAYMENT WILL BE MADE USING THE POSITIVE ESCROW FUNDS AVAILABLE.  THIS PMI AMOUNT WILL NOT BE FACTORED INTO THE TOTAL AMOUNT DUE TO PAYOFF THIS LOAN.  THE PMI AMOUNT WILL ONLY BE FACTORED INTO THE TOTAL AMOUNT DUE TO PAYOFF THIS LOAN IF THERE ARE INSUFFICIENT FUNDS IN THE ESCROW ACCOUNT TO PAY THE PMI INSTALLMENT.  THE TOTAL AMOUNT TO PAY THE LOAN IN FULL IS THE PAYOFF AMOUNT LISTED THROUGH THE DATE PROVIDED.

**Mortgage Wire Fraud Things to know!*

*Don't trust last-minute changes. Don't immediately respond to an email or phone call with new payment instructions. Instead, call (using the number you previously recorded) to verify the instructions first.*

*Pick up the phone before you send a wire . Even if there wasn't a last-minute change, call the receiving party (the lender or title company, for instance) to confirm the account name and number. Also, ask your bank or wire-transfer company to verify the receiving account's name and number.*

*BSI recommends calling 1-800-327-7861 24 hours before issuing funds, to confirm the wire instructions/mailing address.*

Sincerely,
BSI Financial Services
Payoff Department
NMLS # 38078; 842052

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

T04_T25-07272017_CA07262017

Licensed as Servis One, Inc. dba BSI Financial Services.

BSI NMLS # 38078. Customer Care Hours: Mon. - Fri. 8:00 am to 10:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

**Newtek Small Business Finance, LLC**
1981 Marcus Avenue, Suite 130
Lake Success, NY 11042
Customer Service, Phone:(800)749-8707



The Hall at the Yard LLC, Jamal M. Wilson, Joyce R. Wilson,
and Jus Vigor LLC
1412 Alden Road Building A
Orlando, FL 32803

| | | |
|---|---|---|
| SBA Loan Number: ████8202 | | Wire Funds to: |
| Loan Number....: ██7636 | | **Bank Name**: Capital One Bank |
| | | **Bank Address**: 1307 Walt Whitman Road, Melville, NY 11747 |
| Monday, March 4, 2024 | | **ABA#:** 065000090 |
| | | **Account Name**: Newtek Small Business Finance LLC Collections Account |
| | | **Account #**: ██████4026 |
| | | **Reference**: Borrower Name and Loan Number |

Dear The Hall at the Yard LLC.

The following is the loan payoff information as of Monday, April 1, 2024.

**The Hall at the Yard LLC dba The Hall on the Yard**

| | | |
|---|---|---|
| Payoff for Loan Number : | 1107636 | |
| Payoff Date: | 04/01/2024 | |
| Last Payment: | 01/02/2024 | |
| Interest Paid To: | 01/20/2023 | |
| Accrued Interest / Day: | $85.42 | |
| Current Interest Rate: | 10.25 | **EXPENSES:** |
| | | |
| Principal Balance: | $300,000.00 | |
| Accrued Int (04/01/2024): | $36,814.58 | Total Expenses                $  0.00 |
| Late Fees Owing: | $0.00 | |
| Misc Fees Owing: | $0.00 | |
| Escrow Fees: | $0.00 | |
| Expenses: | $0.00 | |
| Pay - Off Amount: | $336,814.58 | |

Sincerely,

Jose Morales
Portfolio Manager



**Small Business Finance LLC**

Dear Borrower:

Per your request, enclosed is the payoff information for the subject <u>Newtek Small Business Finance</u> loan.

**Payoff funds must be sent by wire transfer or certified funds <u>only</u>; and reach our office by 12:00PM (EST) on the day of the scheduled payoff. Should the payoff be submitted in any form other than a wire transfer or certified funds, the funds will be returned to you.**

**The daily interest charge should be added to the Payoff Amount by your Closing Agent, if payment is received by Newtek after the 12:00 noon (EST) cutoff.**
**Payoff funds received after the 10th calendar day of the month may incur an additional late fee at the rate prescribed in your Promissory Note (generally 5% of the monthly payment amount).**

**All Payoffs are subject to a final audit by our Loan Accounting Department. Should there be any shortfall in the amount due, you will be contacted for collection of any amounts outstanding.**

Our wiring instructions are included for your convenience. Please note that if your wire does not include the correct Beneficiary and Reference information, the processing of your payment may be delayed resulting in additional interest charged to your loan. Neither Newtek nor our bank, will be responsible for additional interest charges as a result of errors/omissions in the wire instructions used by your Closing Agent. Upon receipt of the full payoff amount, Newtek will release all pledged collateral within 45 days.

In accordance with the SBA Promissory Note, you are required to give Newtek Small Business Finance, LLC, twenty-one (21) days advance written notice of any prepayment of the principal balance, that exceeds 20% of its current outstanding balance. Failure to provide advance notice will require a prepayment penalty to be included with any payoff amount for the subject loan. During the 21-day period immediately following a prepayment notification, the prepayment penalty provisions of the Note will apply to any payoff amount for the subject loan.
If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give lender a new notice of prepayment.

Thank you for your attention to this matter. Should you have any questions, please call me at (800)749-8707.

Sincerely,
Newtek Small Business Finance, LLC.

**WIRE INSTRUCTIONS:**
**Bank Name**: Capital One Bank
**Bank Address**: 1307 Walt Whitman Road, Melville, NY 11747
**ABA#:** 065000090
**Account Name**: Newtek Small Business Finance LLC Collections Account
**Account #**: ▓▓▓▓▓▓4026
**Reference**: Borrower Name and Loan Number

1981 Marcus Ave, Suite 130, Lake Success, NY 11042     Phone: (800)749-8707     Fax: (212) 273-8293