ORDERED.

**Dated:  March 13, 2024**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No.: 8:23-bk-01159-CPM
                                                          Chapter 11, Subchapter V

JAMAL M. WILSON,

              Debtor.

_____/

## ORDER CONFIRMING AMENDED CHAPTER 11 PLAN OF JAMAL M. WILSON
### (Doc. Nos. 121, 126, 142, 144, 152, and 177)

| |
|---|
| **Post-Confirmation Status Conference**<br>The initial post-confirmation status conference shall be held on **May 23, 2024, at 2:30 p.m.**<br><br>**Deadline for Supplements to Final Fee Applications**<br>The deadline for professionals to file supplements to their respective applications for allowance of compensation for services rendered and reimbursement of expenses incurred is the date that is **thirty (30) days** from the date of the Confirmation Hearing. |

**THIS CASE** came before the Court for hearing on March 7, 2024, at 3:00 p.m. (the

"**Confirmation Hearing**"), to consider confirmation of the *Amended Chapter 11 Plan of Jamal*

*M. Wilson* (Doc. No. 121) (the "**Plan**")[1] filed by Jamal M. Wilson (the "**Debtor**") and the

objection to confirmation filed by U.S. Bank (Doc. No. 126) (the "**U.S. Bank Objection**") and

BSI (Doc. No. 142) (the "**BSI Objection**").   At the Confirmation Hearing, the Court also considered the Debtor's Motion for Cramdown (Doc. No. 177) (the "**Cramdown Motion**"). Appearances made are reflected in the record.

After considering (i) the Declaration of Jamal M. Wilson in Support of Confirmation of Amended Chapter 11 Plan (Doc. No.163) (the "**Confirmation Declaration**"), (iii) the Ballot Tabulation (Doc. No. 144), (iv) the arguments and proffers of counsel made at the Confirmation Hearing, and (v) the entire record in this chapter 11 case, and for the reasons stated orally and recorded in open court that shall constitute the rulings, findings of fact, and conclusions of law as if specifically incorporated of the Court, the Court finds and concludes that (A) the Plan has been proposed in good faith and meets all of the requirements of sections 1126, 1189, 1190, 1191, and 1129(a) of the Bankruptcy Code, to the extent incorporated by section 1191, and (B) the Plan should be confirmed, and all objections to confirmation of the Plan, if any, should be overruled. Accordingly, the Court

## FINDS, CONCLUDES, ORDERS, AND DECREES AS FOLLOWS:[2]

1.    **Modifications to the Plan**.  The following modifications to the Plan constitute technical changes and/or changes with respect to particular Claims by agreement with or that improve the treatment of the Holders of such Claims, and do not affect a material adverse change in the treatment of any other Claims or Interests.

i.    Section 5.2 of the Plan is amended and superseded by the following:

**Class 2:  Secured Claim of BSI (Homestead).**  This Class consists of the Allowed Secured Claim of BSI secured by a first mortgage Lien on the Debtor's Homestead.  BSI  is oversecured

---

[1]All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Plan.
[2] Findings of fact set forth in this Confirmation Order are deemed to be conclusions of law, and such findings of fact are confirmed as conclusions of law.  All oral findings of fact and conclusions of law reached by the Court at the Confirmation Hearing are incorporated by reference and are made a part of this Confirmation Order in accordance with Bankruptcy Rule 7052(a).

8CM536302.DOC

pursuant to section 506 of the Bankruptcy Code and shall be paid in full at closing on its mortgage lien (including all pre and post petition interest, advances for taxes and insurance, fees and other expenses as set forth in a written and current payoff statement from BSI, (BSI Financial Services is the authorized servicer for Residential Mortgage Loan Trust I, by U.S. Bank National Association Not In Its Individual Capacity But Solely As Legal Title Trustee Residential Mortgage Loan Trust 2021-1R) and without the need for a separate administrative claim). To the extent the Homestead Property is sold pursuant to a sale authorized by the Bankruptcy Court, BSI's lien shall attach to the proceeds of sale in first order of priority (other than as to any outstanding real estate taxes for the Homestead Property, not advanced or paid by BSI), and BSI's mortgage lien shall remain on the Homestead Property as to any portion of the Property not sold under the approved sale, and as to all of the Homestead Property until BSI is fully paid under an unexpired payoff statement from BSI. If the Allowed Class 2 Secured Claim of BSI is not fully paid on or before April 15, 2024, the Homestead Property shall be deemed surrendered by Debtor as of April 15, 2024, without further order of the Bankruptcy Court. BSI has previously been granted relief from the automatic stay to proceed with its *in rem* rights against the Homestead Property pursuant to separate order of the Bankruptcy Court (Doc. No. 102). BSI has agreed to abate its *in rem* rights to enforce its mortgage lien against the Homestead Property until April 15, 2024, provided, however, that some foreclosure related fees and costs have been included in the payoff statement and nothing herein shall limit BSI's right to payment of such amounts, but BSI shall not otherwise be stayed or enjoined by any plan based stay or injunction under any plan confirmed by the Bankruptcy Court.

BSI shall retain its Lien on the Homestead on account of its first mortgage until paid in full. BSI's loan and Mortgage are not modified in any way by the Amended Plan, any plan subsequently filed, plan, confirmation, or this bankruptcy case. Class 2 is Unimpaired, and the Holder of any Allowed Class 2 Claim is not entitled to vote to accept or reject the Amended Plan.

      ii.    Section 5.4 of the Plan is amended and superseded with the following:

**Class 4: Secured Claim of Newtek (Homestead and Miami Avenue Property).** This Class consists of the Allowed Secured Claim of Newtek, secured by a mortgage Lien on the Debtor's Homestead and the Miami Avenue Property, which Lien is capped at $415,000.00, plus interest.

To the extent the Homestead Property is sold pursuant to a sale authorized by the Bankruptcy Court, Newtek's lien shall attach to the proceeds of sale in third order of priority (other than as to any outstanding real estate taxes for the Homestead Property, to the extent not advanced or paid), up to $300,000.00, plus interest, and Newtek's mortgage lien shall remain on the Homestead Property until Newtek's mortgage lien against the Homestead Property is satisfied by payment. If the portion of the Allowed Class 4 Secured Claim of Newtek secured by the Homestead Property is not fully paid on or before April 15, 2024, the Homestead Property shall be deemed surrendered by Debtor as of April 15, 2024, without further order of the Bankruptcy Court, and the Debtor consents to the modification of automatic stay to allow Newtek to pursue its *in rem* rights against the Homestead.

The Debtor or Reorganized Debtor shall be entitled, at any time and without penalty, to pay off

the then-outstanding balance of Newtek's Allowed Secured Claim.

The balance of Newtek's Allowed Secured Claim shall equal $129,112.26, as of April 1, 2024, which shall accrue interest at a rate of 10.25% per annum. The Debtor shall make equal monthly payments of $1,000.00, commencing on the 15th day of the first full month after the Effective Date and continuing on the 15th day of each month thereafter, until the maturity date of February 2, 2031, on or before which date the Debtor shall make a balloon payment of the remaining principal balance of Newtek's Allowed Secured Claim, together with any interest accrued thereon. Provided that the Debtor is current on the payments to Newtek on account of its Class 4 Secured Claim, Newtek shall not pursue Joyce Wilson or seek to enforce its in rem rights against the Miami Avenue Property on account of any default under the mortgage granted by Joyce Wilson.

Upon payment in full of Newtek's Allowed Secured Claim or the liquidation or sale of both the Homestead and the Miami Avenue Property, Newtek's Allowed Secured Claim shall be deemed satisfied and its lien shall be extinguished and shall no longer encumber any Assets of the Debtor.

The balance of Newtek's Allowed Claim shall be treated in accordance with Class 17 General Unsecured Claims. As treatment of Newtek's Allowed Secured Claim, Newtek shall retain its Lien on the Homestead and the Miami Avenue Property. Class 4 is Unimpaired, and the Holder of the Allowed Class 4 Claim is not entitled to vote to accept or reject the Amended Plan.

   iii. Section 5.8 of the Plan is amended and superseded with the following:

**Class 8:  Secured Claim of U.S. Bank (Miami Avenue Property).**  This Class consists of the Allowed Secured Claim of U.S. Bank secured by a first mortgage Lien on the Miami Avenue Property. Excepted as noted in the Agreed Order Granting Motion Regarding Treatment of Claim in Chapter 11 Plan (Doc. No. 97), the terms of which order are incorporated herein by reference, and in this Section 5.8 of the Amended Plan, U.S. Bank's legal, equitable, and contractual rights shall remain unchanged with respect to its security interest in the Miami Avenue Property, and such Claim shall be paid pursuant to the terms of the loan documents. The Debtor shall tender regular contractual payment to U.S. Bank in the amount of $1,206.61 per month, commencing October 1, 2023, and continuing on the same day of each month thereafter until the outstanding balance owed on U.S. Bank's Class 8 Secured Claim is paid in full. The contractual payment includes an escrow impound for taxes and insurance. The contractual payment is subject to change pursuant to the terms of the loan. U.S. Bank may apply the contractual payments to the loan consistent with the terms of the prepetition loan documents and applicable law. In addition to the regular contractual payment, the Debtor shall tender cure payments to U.S. Bank to cure arrears of $28,545.47 over sixty (60) monthly installments. The initial cure payment shall commence on October 1, 2023, and continue on the first day of each month thereafter until the arrears are paid in full. The automatic stay provided by section 362 of the Bankruptcy Code shall terminate upon confirmation of the Amended Plan by agreement of the Parties. U.S. Bank agrees that the Debtor is not in default on any of the above provisions as of confirmation of the Amended Plan. In the event that the Debtor defaults on any of the above provisions after confirmation of the Amended Plan, U.S. Bank shall proceed with default

8CM536302.DOC

remedies under the loan documents and pursuant to applicable state law.  The acceptance by U.S. Bank of a late or partial payment shall not act as a waiver of U.S. Bank's rights to proceed to enforce its rights under the loan documents or this Amended Plan.  U.S. Bank shall retain its Lien on the Miami Avenue Property on account of its first mortgage.  Class 8 is Impaired, and the Holder of any Allowed Class 8 Claim is entitled to vote to accept or reject the Amended Plan.

The Court finds that resolicitation is not necessary, as any material modifications provide more favorable treatment for creditors.    Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims be afforded an opportunity to change previously cast Ballots with respect to the Plan.

2.     **Confirmation of Plan**.  The Plan is hereby confirmed pursuant to section 1191(b) of the Bankruptcy Code, and the Plan satisfies the applicable requirements of section 1129(a), to the extent incorporated by section 1191 of the Bankruptcy Code.

3.     **Plan Terms**.  All terms of the Plan, and all relevant and necessary documents, shall be effective and binding upon the entry of the Confirmation Order and the Effective Date. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on this Court's approval and authorization of, or the validity, binding effect and enforceability of such provision and each provision is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Plan, whether or not mentioned in this Confirmation Order.

4.     **Objections to Confirmation**.  The BSI Objection was withdrawn on the record at the confirmation hearing based on the plan modifications announced on the record and set forth in paragraph 1(i) of this Confirmation Order.  The U.S. Bank Objection is **OVERRULED**, based on the amendments to the Plan announced at the Confirmation Hearing.  All other objections to the confirmation of the Plan, if any, are **OVERRULED**.

5.     **Ballot Report**.  The Debtor filed a Ballot Tabulation, which reflected the acceptances and rejections of each Class that voted to accept or reject the Plan as of the commencement of the Confirmation Hearing.  Based on the modifications set forth in decretal paragraph 1 of this Confirmation Order, the Court deemed the Class 2 Claim of BSI Unimpaired, and BSI was deemed to accept the Plan, notwithstanding the rejecting ballot cast by BSI, and Newtek withdrew its ballots rejecting the Plan on account of its Class 4 and 17 Claims.  As a result of the withdrawal of Newtek's rejecting vote on account of its Class 17 Claim, Class 17 General Unsecured Creditors voted to accept the Plan.

6.     **Cramdown Motion**.  Classes 4, 8, and 17 (collectively, the "**Impaired Classes**") are impaired under the Plan as that term is defined in section 1124 of the Bankruptcy Code.  Accordingly, the Impaired Classes are entitled to submit votes to accept or reject the Plan.  Class 17 General Unsecured Creditors voted to accept the Plan, but no votes were cast on account of the Class 4 and 8 secured claims, which the Court treated as rejections by those impaired classes and thus confirmed under section 1191(b) of the Bankruptcy Code.  Classes 1, 2, 3, 6, 7, and 9 ((collectively, the "**Unimpaired Classes**") are unimpaired under the Plan as that term is defined in section 1124 of the Bankruptcy Code, and as to Classes 5, 10, 11, 12, 13, 14, 15, and 16, no such Claims exists.  Accordingly, the Unimpaired Classes are deemed to accept the Plan and are not entitled to vote on the Plan.  The Cramdown Motion is **GRANTED** as to the Class 4 Secured Claim of Newtek and the Class 8 Claim of U.S. Bank.

7.     **Jurisdiction, Venue, Core Proceedings**.  This Court has jurisdiction over (i) the Debtor, (ii) the Debtor's chapter 11 case, (iii) all of the Debtor's properties, contracts, and assets, wherever located, (iv) all claims against and equity interests in the Debtor, and (v) all holders of claims against and equity interests in the Debtor pursuant to 28 U.S.C. § 1334.  Confirmation of

8CM536302.DOC

the Plan is a "core proceeding" pursuant to, without limitation, 28 U.S.C. § 157(b)(2)(A), (L), and (O), and this Court has jurisdiction to enter a final order with respect to confirmation. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. **Judicial Notice**. In connection with the Confirmation Hearing, the Court takes judicial notice of the record of this chapter 11 case, including, without limitation, all papers, pleadings, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of this chapter 11 case.

9. **Oral Findings of Fact Incorporated**. All oral findings of fact and conclusions of law entered by the Court at the Confirmation Hearing are incorporated herein by this reference and are made a part hereof, in accordance with Bankruptcy Rule 7052(a). All findings of fact shall be construed as conclusions of law and conclusions of law construed as findings of fact when appropriate.

10. **Transmittal of Solicitation Packages**. In accordance with Bankruptcy Rule 2002, the Court finds and concludes that adequate and sufficient notice of the time for filing objections to the Plan was provided to the holders of claims and interests. The (a) Order Setting: (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadline for Filing Applications for Administrative Expenses (Doc. No. 63), (b) the Amended Order Setting: (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadline for Filing Applications for Administrative Expenses (Doc. No. 87), (c) the Order Modifying Amended Order Setting Hearing on Confirmation with Respect to Plan Solicitation Only (Doc. No. 88), and (d) the Order Continuing Hearing on Confirmation of Amended Plan of

8CM536302.DOC

Reorganization (Doc. No. 173) were transmitted and served in substantial compliance with the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. The Plan, Ballots, and the Order Resetting: (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadline for Filing Applications for Administrative Expenses (Doc. No. 123) (the "**Confirmation Scheduling Order**") were transmitted and served in substantial compliance with the Confirmation Scheduling Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and other deadlines was given in compliance with the Confirmation Scheduling Order and the Bankruptcy Rules.

11.     **Solicitation**. In accordance with section 1126(b) of the Bankruptcy Code, the Court finds and concludes that the solicitation of votes to accept or reject the Plan complied with all applicable non-bankruptcy law, rules and regulations.

12.     **Burden of Proof**. The Debtor has met his burden of proving all of the elements of section 1129(a) of the Bankruptcy Code, to the extent made applicable by section 1191 of the Bankruptcy Code.

13.     **The Plan's Compliance with the Bankruptcy Code (11 U.S.C. §§ 1129(a)(1), 1189, and 1190)**. The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying sections 1129(a)(1), 1189, 1190, and 1191 of the Bankruptcy Code, and in particular:

    i.    Subchapter V Plan Requirements. The Debtor complied with section 1189(b) of the Bankruptcy Code, as the initial plan was filed not later than ninety days after the order for relief under chapter 11.

    ii.    Contents of Subchapter V Plan. In compliance with section 1190 of the Bankruptcy Code, the Plan includes (a) a brief history of the business operations of the debtor, (b) a liquidation analysis, and (c) projections with respect to the

8CM536302.DOC

ability of the Debtor to make payments under the proposed plan for reorganization.

iii.   <u>Proper Classification</u>.  The Plan sets out separately numbered classes of impaired claims and interests.  The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class.  Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests.  Therefore, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

iv.   <u>Specified Unimpaired Classes</u>.  The Plan properly designates unimpaired classes as unimpaired.  Therefore, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

v.   <u>Specified Treatment of Impaired Classes</u>.  The Plan designates which classes are impaired within the meaning of section 1124 of the Bankruptcy Code.  The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

vi.   <u>No Discrimination within Classes</u>.  The Plan provides for the same treatment of each claim within each particular class of impaired claimants or interests. Therefore, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

vii.   <u>Implementation</u>.    The Plan provides adequate means for the Plan's implementation.    Therefore, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

viii.   <u>Corporate Charter Amendments</u>.  Section 1123(a)(6) of the Bankruptcy Code does not apply to individual chapter 11 debtors.

ix.   <u>Impairment/Unimpairment of Classes of Claims and Interests</u>.  The Plan designates certain classes as impaired, as permitted by section 1123(b)(1) of the Bankruptcy Code.

x.   <u>Assumption of Rejection of Leases and Executory Contracts</u>.  The Plan provides for the assumption and rejection of leases and executory contracts, subject to section 365, as permitted by section 1123(b)(2) of the Bankruptcy Code.

xi.   <u>Modification of the Rights of Holders of Secured Claims</u>.  The Plan modifies the rights of holders of secured debt as permitted by section 1123(b)(5) of the Bankruptcy Code.

xii.   <u>Cure of Defaults</u>.  The Plan provides for the rejection of leases and executory contracts, unless such lease or executory contract is assumed by separate order of the Bankruptcy Court.  To the extent that the Plan provides for the cure of any

8CM536302.DOC

default, such amount is determined in accordance with the underlying agreement and applicable nonbankruptcy law, thereby satisfying section 1123(d) of the Bankruptcy Code.

14. **Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))**. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtor is a proper debtor under section 1182 of the Bankruptcy Code and is a proper proponent of the Plan under section 1189(a) of the Bankruptcy Code. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including as provided or permitted by orders of the Court. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Scheduling Order in transmitting the Plan, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Plan. The Court has dispensed with compliance with section 1123(a)(6) of the Bankruptcy Code because the Debtor is an individual, and section 1123(a)(6) of the Bankruptcy Code is not applicable.

15. **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**. The Debtor has proposed the Plan in good faith and is not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the chapter 11 case and the formulation of the Plan. The chapter 11 case was filed, and the Plan was proposed, with the legitimate and honest purpose of maximizing the value of the Debtor's assets and the recovery to creditors under the circumstances of this chapter 11 case. Therefore, the requirements of section 1129(a)(3) of the Bankruptcy Code are met.

16. **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payment made or to be made by the Debtor or the Reorganized Debtor for services or for costs

8CM536302.DOC

and expenses in connection with the chapter 11 case, including all administrative expense claims under section 503 of the Bankruptcy Code, or in connection with the Plan and incident to the chapter 11 case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

17.     **Directors and Officers (11 U.S.C. § 1129(a)(5))**.  Section 1129(a)(5) requires the disclosure of the identity and affiliations of any individual proposed to serve after confirmation of the Plan as a director, officer, or voting trustee of the Debtor, or a successor to the Debtor under the Plan.   Section 1129(a)(5) is inapplicable because the Debtor is an individual.

18.     **No Government Regulation of Rates (11 U.S.C. § 1129(a)(6))**.   Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtor is an individual.

19.     **Best Interests Test (11 U.S.C. § 1129(a)(7))**.   The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis attached as Exhibit "B" to the Plan, the Confirmation Declaration, and evidence proffered at the Confirmation Hearing: (a) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (b) either has not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; (d) provide a reasonable estimate of the liquidation values of the Debtor upon a hypothetical conversion to a case under chapter 7 of the Bankruptcy Code; and (e) establish that each holder of a Claim in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

8CM536302.DOC

20.    **Acceptance or Rejection of Plan (11 U.S.C. § 1129(a)(8))**.    As the Plan is confirmed under section 1191(b), the Debtor is not required to satisfy section 1129(a)(8) of the Bankruptcy Code.

21.    **Treatment of Administrative and Priority Tax Claims and Other Priority Claims (11 U.S.C. § 1129(a)(9))**.    The treatment of Administrative Expense Claims and other Priority Claims under the Plan satisfies the requirements of sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies section 1129(a)(9)(C) of the Bankruptcy Code.

22.    **Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))**.    As this Plan is confirmed under section 1191(b) of the Bankruptcy Code, the Debtor is not required to satisfy section 1129(a)(10).   However, Class 17 General Unsecured Claims are an impaired class and have voted to accept the Plan.   As a result, at least one Impaired Class has voted to accept the Plan, which was determined without including any acceptance of the Plan by any insider, satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

23.    **Feasibility (11 U.S.C. § 1129(a)(11))**.   The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.   The Confirmation Declaration and other evidence proffered at the Confirmation Hearing: (a) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (b) either have not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; and (d) except as such liquidation is proposed by the Plan, establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor.   Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied.

8CM536302.DOC

24.     **Payment of Fees (11 U.S.C. § 1129(a)(12))**.  Section 1129(a)(12) is inapplicable to cases proceeding under Subchapter V, as no fees are properly assessed and payable under 28 U.S.C. § 1930.

25.     **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**.  No retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, exist in the chapter 11 case, making section 1129(a)(13) of the Bankruptcy Code inapplicable.

26.     **Inapplicable Provisions (11 U.S.C. §§ 1129(a)(14) and (15))**.  Section 1129(a)(14) does not apply because the Debtor is not obligated to pay any domestic support obligations.  Section 1129(a)(15) is inapplicable in cases proceeding under Subchapter V.  *See* 11 U.S.C. § 1181(a).

27.     **Transfers of Property Under the Plan (11 U.S.C. § 1129(a)(16))**.  All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

28.     **Principal Purpose of Plan (11 U.S.C. § 1129(d))**.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.  Accordingly, the Plan complies with Section 1129(d) of the Bankruptcy Code.

29.     **Good Faith Solicitation (11 U.S.C. §1125(e))**.  The Debtor and its respective attorneys and advisers have solicited votes to accept or reject the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Scheduling Order, and are, therefore, entitled to the protections afforded by section 1125(e) of the Bankruptcy Code to the fullest extent.

8CM536302.DOC

30.    **Executory Contracts**.  The Debtor has exercised reasonable business judgment in determining to assume or reject its executory contracts and unexpired nonresidential real property leases as set forth in Article 7.1 of the Plan.  The rejection of all unexpired leases or executory contracts not expressly assumed or rejected is **APPROVED**.

31.    **Transfers by Debtor, Vesting of Assets**.  Without any further action, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property and assets of the Debtor (excluding property that has been abandoned pursuant to the Plan or an order of the Court) shall be transferred to and shall vest in the Reorganized Debtor, or its successors or assigns, as the case may be, free and clear of all Liens, charges, Claims, writs of garnishment, encumbrances and other interests, except as expressly provided in the Plan or this Confirmation Order.  Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

32.    **Exemption from Certain Transfer Taxes (11 U.S.C. § 1146(a))**.    The transactions contemplated by the Plan, including the sale of the Homestead Property[3] pursuant to the Plan and the Order Granting Debtor's Expedited Motion for Authorization to Sell Homestead Property Free and Clear of Liens, Claims, Interests, and Encumbrances and for Approval of Proposed Distributions of Sale Proceeds (the "**Sale Order**"), is in contemplation of, a necessary condition precedent and essential to, and necessary to consummate and implement the confirmation of the Plan in this case, and accordingly, constitutes a transfer to which section 1146(a) of the Bankruptcy Code applies.  The Debtor, the Reorganized Debtor, and Joyce Wilson shall be entitled to any and all rights and benefits that may be afforded to them by section

---

[3] The Homestead Property is located at 13518 Westshire Drive, Tampa, Florida 33618, and is more particularly described as **TREVI AT BAY LAKE LOT 6 AND LOT 12**.

8CM536302.DOC

1146(a) of the Bankruptcy Code.  Pursuant to section 1146(a) of the Bankruptcy Code, the sale

or transfer of the Homestead Property or the making, delivery, or recording of any instrument of

transfer pursuant to, in implementation of, or as contemplated by the Plan, or the revesting,

transfer, or sale of any real or personal property of, by, or in the Debtor pursuant to, in

implementation of, or as contemplated by the Plan, or any transaction arising out of,

contemplated by, or in any way related to the foregoing, shall not be subject to any document

recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, stamps act, real

estate transfer tax, mortgage recoding tax, Uniform Commercial Code filing or recording fee, or

other similar tax or governmental assessment, and appropriate state or local government officials

or agents shall be, and hereby are, directed to accept and abide by the terms of this Confirmation

Order and to forego the collection of any such tax or governmental assessment and to accept for

filing and recording any of the foregoing instruments or other documents without the payment of

any such tax or governmental assessment.

   33. **Implementation and Effectuating Documents**.  Each of the Debtor or the

Reorganized Debtor, as appropriate, is authorized to execute, deliver, file or record such

contracts, instruments, releases and other agreements or documents and take such actions as may

be necessary or appropriate to effectuate, implement and further evidence the terms and

conditions of the Plan, including but not limited to executing all documents that are required,

necessary or appropriate to sell the Homestead Property.  If any person or entity that has filed

financing statements or other documents, including, without limitation, notices of liens of any

nature on or in the Homestead Property or agreements evidencing Liens on or in the Homestead

Property, shall not have delivered to the Debtor at or prior to the closing, in proper form for

filing and executed by the appropriate parties, termination statements, instruments of satisfaction,

8CM536302.DOC

or releases of Liens which the person or entity has with respect to the Homestead Property, the Debtor is authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity, except for BSI which shall provide a satisfaction or release, upon full payment pursuant to a current unexpired payoff statement, in accordance with Florida law.

34.    **Binding Effect**.  Upon the entry of this order and subject to the occurrence of the Plan's Effective Date, the provisions of the Plan shall bind the Debtor, all Holders of Claims (irrespective of whether the Claims are impaired under the Plan or whether the Holders of such Claims have accepted the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtor, any party in interest in the Bankruptcy Case, and the heirs, administrators, executors, successors, or assigns, if any, or any of them.

35.    **Preservation of Causes of Action**.  Except to the extent provided under the Plan, all causes of action and objections to claims of the Debtor or the estate not specifically resolved or released through separate order of this Court (the "**Retained Claims**") are to be retained and preserved to the full extent provided under Section 8.6 of the Plan and shall be the property of the Reorganized Debtor and available to the Reorganized Debtor to the fullest extent allowable under applicable law.  Confirmation of the Plan and entry of this Confirmation Order shall not (i) constitute an adjudication of any Retained Claim the Debtor or Reorganized Debtor may have against any parties, whether known or unknown, asserted or unasserted, contingent or unliquidated, and (ii) act as *res judicata*, collateral estoppel*,* or otherwise preclude the pursuit, litigation, prosecution, or settlement of any claim, defense, or objection of cause of action or Retained Claims available to the Debtor, its estate, or the Reorganized Debtor.

8CM536302.DOC

36.    **Discharge**.  Pursuant to section 1141(d)(5), the Confirmation Order does not discharge the Debtor from any pre-petition liabilities.  The Debtor will receive a discharge upon completion of the payments contemplated by the Plan, consistent with section 1141 of the Bankruptcy Code.

37.    **Retention of Jurisdiction**.  The Court's retention of jurisdiction as set forth in Article 12.1 of the Plan comports with the parameters contained in 28 U.S.C. § 157 and is to be interpreted as broadly as possible.  Without limiting the provisions of Article 12.1, the Court's retention of jurisdiction include jurisdiction over all matters and parties in connection with objections to claims and the pursuit, litigation, and recovery of avoidance actions, surcharge claims, fraudulent transfers, and all other claims or causes of action available to the Debtor or its estate.

38.    **Postconfirmation Reporting**.  The Debtor or the Reorganized Debtor, as applicable, shall not be required to prepare or file any financial reports in connection with this Bankruptcy Case for any period on or after the Effective Date.

39.    **Final Fee Applications**.  Any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date, which is the date upon which this Confirmation Order becomes a Final Order, shall file supplements to their respective applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is thirty (30) days from the date of the Confirmation Hearing.

40.    **Objections to Claims**.  Any objections to claims or adversary proceeding shall be filed within thirty days from the date of this Confirmation Order.

8CM536302.DOC

41. **Ivanhoe Place Propco, LLC**.  Notwithstanding anything to the contrary that may be contained in the Amended Plan, the Amended Plan does not impair, discharge or enjoin any claims, rights and remedies of Ivanhoe Place Propco, LLC arising under or relating to the guaranty that was reaffirmed by the Debtor pursuant to this Court's Order Granting Debtor's Motion for Order Authorizing Reaffirmation of Guaranty and Approving Settlement and Plan Support Agreement with Ivanhoe Place Propco, LLC (Doc. No. 93).

42. **Plan Payment Schedule**.  The spreadsheets attached hereto as Composite Exhibit "A" represents the Debtor's payments under the Plan (the "**Plan Payment Schedule**"), although nothing in the Plan Payment Schedule modifies the Debtor's rights with respect to the timing or source of such payments.  The Debtor retains any and all rights and powers he has concerning any and all claims, including the ability to object to claims.  Nothing in this order precludes the Debtor's right to seek payment changes through the Bankruptcy Court, including but not limited to recalculation of the pro rata distributions for the Holders of Allowed Class 17 Claims, or to further negotiate with Holders of Allowed Claims with respect to the payments contemplated by the Plan Payment Schedule without seeking or obtaining approval of the Bankruptcy Court.

43. **Notice of Entry of Confirmation Order, Effective Date, and Further Notices**. Counsel for the Debtor shall serve a copy of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors and parties in interest within three (3) business days of the entry of this Confirmation Order, and shall promptly file proof of service. All further notices to be served on creditors and parties in interest may be served only on the Local Rule 1007-2 list, unless more limited notice is ordered or permitted by separate order of the Court.  Counsel for the Debtor shall also file a notice of the occurrence of the Effective Date, promptly after such date occurs, within seven days of the occurrence of such Effective Date.  The

8CM536302.DOC

notice of occurrence of the Effective Date shall be served via CM/ECF and on the Local Rule 1007-2 list.

44.    **Waiver of Rule 3020(e)**.  For the reasons stated on the record at the Confirmation Hearing, including to facilitate the timely closing of the sale of the Homestead Property, good cause exists for waiving and eliminating the stay of this Confirmation Order set forth in Bankruptcy Rule 3020(e).  This Confirmation Order is effective upon entry, and the stay of the Confirmation Order set forth in Bankruptcy Rule 3020(e) is waived.

Attorney Kathleen L. DiSanto is directed to serve a copy of the interested parties and file proof of service within (3) days of the entry of the order.

8CM536302.DOC

# EXHIBIT A

| In re Jamal M. Wilson |
| :---: |
| Case No. 8:23-bk-01159-CPM |

| Administrative Expense Claims | Paid on Effective Date | Monthly Payments | Arrearage | Reserve |
| --- | --- | --- | --- | --- |
| Bush Ross, P.A. | 60,000.00 | | | |
| Rudiger Mueller, Subchapter V Trustee | 4,000.00 | | | |
| **Priority Tax Claims** | | | | |
| IRS - Tax Claim Reserve | | | | 75,000.00 |
| **Class 1 Priority Claims** | 0.00 | | | |
| **Class 2 Secured Claim of BSI[1]** | | | | |
| **Class 3 Secured Claim of SouthState Bank[1]** | | | | |
| **Class 4 Secured Claim of Newtek[2]** | | 1,000.00 | | |
| **Class 6 Secured Claim of Hillsborough County Tax Collector[3]** | | | | |
| **Class 7 Claim of Trevi HOA[3]** | 0.00 | | | |
| **Class 8 Secured Claim of U.S. Bank** | 0.00 | 1,206.61 | 475.76 | |
| **Classes 9-16** | 0.00 | | | |

### ALLOWED CLASS 17 UNSECURED CLAIMS DISBURSEMENTS

| Amount Available for Disbursement[4] | 5,000.00 |
| --- | --- |

| Creditor | Claim No. | Amount Allowed for Distribution | % of Total Allowed Unsecured Claims | Amount of Disbursement |
| --- | --- | --- | --- | --- |
| American Express National Bank | 11 | 10,543.33 | 0.14% | 7.14 |
| Apple Card | Scheduled | 27,314.00 | 0.37% | 18.49 |
| The Avanza Group, LLC | 22 | 142,052.36 | 1.92% | 96.14 |
| Bank of America, N.A. | 3 | 15,490.16 | 0.21% | 10.48 |
| Barclays Master Card | Scheduled | 26,645.00 | 0.36% | 18.03 |
| Capital One N.A. | 14 | 4,131.45 | 0.06% | 0.00 |
| City National Bank[5] | 6 | 1,470,425.41 | 19.90% | 995.20 |
| IRS | 5 | 56,841.52 | 0.77% | 38.47 |
| Ivanhoe Place Propco, LLC[6] | 17 | 0.00 | 0.00% | 0.00 |
| JPMorgan Chase Bank | 7 | 11,078.97 | 0.15% | 7.50 |
| JPMorgan Chase Bank | 8 | 9,835.98 | 0.13% | 6.66 |
| LVNV Funding, LLC | 1 | 2,296.84 | 0.03% | 0.00 |
| LVNV Funding, LLC | 2 | 9,297.93 | 0.13% | 6.29 |
| Midland Credit Funding, LLC | 13 | 12,697.18 | 0.17% | 8.59 |
| Modulo, LLC | 4 | 118,870.00 | 1.61% | 80.45 |
| Mohela | Scheduled | 23,914.80 | 0.32% | 16.19 |
| Newtek Small Business Finance, LLC | 18 | 4,069,034.88 | 55.08% | 2,753.97 |
| North Mill Credit Trust | 15 | 61,502.29 | 0.83% | 41.63 |
| Premium Merchant Funding | Scheduled | 0.00 | 0.00% | 0.00 |
| TiLon Hall, LLC | Scheduled | 900,000.00 | 12.18% | 609.13 |
| TimePayment Corp. | Scheduled | 354.00 | 0.00% | 0.00 |
| Vivian Corp. | 9 | 268,800.63 | 3.64% | 181.93 |
| Wayfair Mastercard | Scheduled | 9,038.20 | 0.12% | 6.12 |
| World Global Fund, LLC | Scheduled | 30,000.00 | 0.41% | 20.30 |
| Zahav Asset Management | 21 | 107,415.00 | 1.45% | 72.70 |
| **TOTAL** | | **7,387,579.93** | | 4,995.41 |

**NOTES**

1 These claims will be paid in full at the closing of the sale of the Homestead Property.

2 The portion of Newtek's claim secured by the Homestead Property ($300,000.00, plus interest) will be paid in full at the closing of the sale of the Homestead Property. The remaining mortgage lien on the Miami Avenue Property ($115,000.00 plus interest) will be paid as provided in the Plan, through monthly payments of $1,000.00 and ballon payment on the maturity date of February 2, 2031.

3 To the extent that these creditors are owed any money on account of a claim secured by the Homestead Property, it will be paid at closing.

4 The Plan provides for a mimum distribution of $5,000.00 to the Holders of Allowed Class 17 Claims, plus any unused portion of the Tax Claim Reserve.

5 The Court entered an order disallowing Claim No. 20 filed by City National Bank as a duplicate claim and disallowing Claim No. 6 as a secured claim, but allowing as an unsecured claim.

6 Ivanhoe Place Propco agreed to waive distribution on account of its unsecured claim pursuant to the court approved settlement with the Debtor.